# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

BUDDY NEWSOME,  #220855,    )

                              )     CIVIL ACTION NO. 3:08-1953-TLW-JRM

            Petitioner,  )

v.                         )     **REPORT AND RECOMMENDATION**

TIM RILEY, Warden of Tyger    )
River Correctional Institution,   )

          Respondent.  )
_____)

Petitioner, Buddy Newsome ("Newsome"), is an inmate with the South Carolina Department of Corrections ("SCDC") serving sentences of one hundred (100) years for homicide by child abuse and one (1) year for attempted escape. The sentencing court did not specify whether the sentences were to run consecutively or concurrently. Using a standard form, Newsome filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 12, 2008.[1] Respondent filed a return and motion for summary judgment on September 5, 2008. Because Newsome is *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on September 8, 2008 explaining to him his responsibility to respond to the motion for summary judgment. Newsome filed his response on September 17,  2008.

_____

[1]Pretrial matters in this case were automatically referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(c) and (e) (D.S.C.).

1

## Background and Procedural History

Newsome pled guilty on July 19, 1995, and did not file a direct appeal. He filed an application for post conviction relief ("PCR") on November 3, 1995. The application was denied and Newsome sought review by the South Carolina Supreme Court. His <u>Johnson</u>[2] petition for writ of certiorari was denied by the South Carolina Supreme Court. Newsome then filed a petition for writ of habeas corpus in this Court, <u>Newsome v. Montgomery</u>, C/A No. 3:99-0587-10BC. The claims raised by Newsome were thoroughly reviewed, and the Honorable Matthew J. Perry, Jr., Senior United States District Judge, denied the petition by order filed March 31, 2000.[3]

Newsome filed a second PCR on May 14, 1999. (App. 124). After a hearing held on October 28, 2002, the PCR court issued an order on November 4, 2002 granting Newsome's application. (App. 157). Newsome argued that (1) SCDC was erroneously interpreting his sentences as consecutive, rather than concurrent, which apparently precluded Newsome from being eligible for parole consideration, or (2) that his plea was involuntary because he understood the sentences were concurrent, and he was not adequately advised that he would be ineligible for parole. The State conceded that one of Newsome's arguments was correct. The PCR court concluded that SCDC was in error and ordered SCDC to "interpret Applicant's sentences as concurrent sentences." (*Id.*).

Newsome sought review of the PCR court's order by way of a <u>Johnson</u> petition for writ of certiorari filed by the South Carolina Office of Appellate Defense raising the following issue:

---

[2]<u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988); <u>see</u> <u>also</u> <u>Anders v. California</u>, 386 U.S. 738 (1967).

[3]Newsome filed two other § 2254 petitions in this Court prior to filing the present petition. Both were dismissed because Newsome failed to obtain authorization to file a successive petition from the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244. *See* <u>Newsome v. Anthony</u>, C/A No. 3:01-285-10 and <u>Newsome v. Anthony</u>, C/A No. 3:02-1331-10BC.

2

Did the lower court err by ordering the Department of Corrections to interpret petitioner's sentences as concurrent rather than granting petitioner a new trial?

The Supreme Court granted the petition for writ of certiorari and reversed the PCR court. The Supreme Court held that Newsome was entitled to a new trial because he had been misinformed concerning parole eligibility. Newsome v. State, 2006-MO-026 (S.C.Sup.Ct. Filed July 17, 2006). The State moved for a rehearing and the Supreme Court ordered briefing on three additional issues. The Supreme Court then modified its holding and affirmed the judgment of the PCR court. *See* Newsome v. South Carolina, Op.No. 2006-MO-026 (S.C.Sup.Ct. refiled February 4, 2008). The Supreme Court, thereafter, withdrew that order and substituted a new opinion dismissing the appeal as moot because the record on appeal showed that SCDC had been interpreting Newsome's sentences as concurrent and that Newsome had been receiving periodic parole hearings. *See* Newsome v. South Carolina, Op.No. 2006-MO-026 (S.C.Sup.Ct. refiled Mar. 17, 2008).

After the South Carolina Supreme Court issued its opinion on February 4, but before it issued its final opinion on March 17, 2008, Newsome filed a motion in the Fourth Circuit Court of Appeals for permission to file a successive § 2254 petition in this Court pursuant to 28 U.S.C. § 2244. Newsome argued, *inter alia*, that he was entitled to an evidentiary hearing because the facts used by the South Carolina Supreme Court were not supported by the record. His motion was denied. *See* In re: buddy Newsome, Op.No. 08-128 (4th Cir. filed March 3, 2008).

On June 25, 2008, Newsome filed another PCR in state court. According to Newsome, that action is still pending. (Roseboro Response, p. 3).

### Grounds for Relief

Newsome states two specific grounds in his present petition:

**Ground A**:     Petitioner contends that the order of the PCR Court to compel the

3

DOC to interpret the Petitioner's sentences as concurrent is void where it compels a State agency to violate State Statute, See S.C.Code § 24-13–410(c).

**Ground B:**   Petitioner contends that an act of perjury by trial counsel in his original PCR proceedings has denied Petitioner his right to fair review in State and Federal Courts and "Parole Review".

## Discussion

### 1. Gate-keeping

Respondent asserts that the present petition should be dismissed because Newsome has not obtained authorization to file his petition from the Fourth Circuit Court of Appeals as a "second or successive" petition as required by 28 U.S.C. § 2244(b)(3)(A).  Newsome did not respond to Respondent's argument in his Roseboro response, but seems to wish to amend his present petition to include claims now pending in state court, i.e., breach of his plea agreement, lack of subject matter jurisdiction by the trial court and ineffective assistance of counsel relating to direct appeal.  *See* Roseboro Response, p. 15 and Newsome's Brief filed in the South Carolina Supreme Court on June 25, 2008, a copy of which is attached to his petition.[4]

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") which became effective on April 24, 1996, review of successive habeas petitions was governed by the abuse of the writ doctrine. McCleskey v. Zant, 499 U.S. 467, 470 (1991). The AEDPA established a raised "threshold that a prisoner must cross to obtain review of claims presented in a successive application for collateral review." In Re: Williams, 364 F.3d 235, 238 (4th Cir. 2004) citing United States v. Winestock, 340 F.3d 200, 204 (4th Cir.), *cert. denied*, 540 U.S. 995 (2003).

---

[4]Insofar as Newsome seeks to amend his petition, his motion is denied as futile.

4

Pursuant to the AEDPA, a prisoner may not file a second or successive § 2254 petition or § 2255 motion to vacate his sentence prior to seeking and receiving authorization to do so from the appropriate court of appeals. In Re: Vial, 115 F.3d 1192 (4th Cir. 1997). *See also*, 28 U.S.C. §§ 2244(b) and 2255. The standard for the circuit courts of appeal for authorization of a second or successive petition are set forth in 28 U.S.C. § 2244(b)(2). The AEDPA essentially established a new standard and shifted the screening process from the district court to the circuit court. In Re: Williams, 364 F.3d at 238. Absent such authorization from the circuit court, the district court does not have jurisdiction and should dismiss the second or successive petitions without prejudice. United States v. Winestock, 340 F.3d at 205.

Habeas Rule 9 states:

Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

As amended by the AEDPA, 28 U.S.C. § 2244 now provides in part:

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

The issue presented by the parties is whether a state prisoner is required to seek and obtain

authorization from the circuit court to file a § 2241 petition where he has previously litigated a §

6

2254 petition on the merits. It does not appear that the Fourth Circuit has addressed this issue. However, the Eighth Circuit has held that a state prisoner cannot evade the gate-keeping provisions of § 2244 even where the challenge is to the execution of his sentence. *See* Crouch v. Norris, 251 F.3d 720 (8th Cir. 2001). The undersigned concludes that the present petition should be dismissed due to lack of subject matter jurisdiction as Newsome has not received authorization to file his petition from the Fourth Circuit as required by § 2244.

### 2. Exhaustion

A state prisoner may seek habeas relief under § 2254 or in limited circumstances under § 2241. Although the exhaustion provisions codified under § 2254 are not contained in § 2241, the exhaustion requirement "applies to all habeas corpus actions." Fain v. Duff, 488 F.2d 218, 223 (5th Cir. 1973). This doctrine, based on principles of comity, requires that, before a federal court will review allegations of constitutional violations by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See* Pickard v. Connor, 404 U.S. 270, 276 (1976).

Even if this Court has jurisdiction to consider Newsome's claims, he has not shown that these specific claims have been presented for review to the appropriate state courts.

### 3. Errors of State Law

Newsome's first claim, that the order of the PCR court requiring SCDC to interpret his sentences as concurrent, is void because the order violates a state statute, i.e., S.C. Code Ann. § 24-13-410(c). This claim presents an issue of state law and is not cognizable in a habeas petition.

"Under 28 U.S.C. § 2241, a federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37 (1984) and Lewis v. Jeffers, 497 U.S.

7

764 (1990).  "Because federal habeas corpus relief does not lie for errors of state law . . ., federal habeas review of a state court's application of [state law] is limited."  Petitioner cannot point to any specific constitutional protection which was denied him, or show that the error in state law substantially impaired his trial's fairness or resulted in a complete miscarriage of justice, therefore relief is unavailable, Chance v. Garrison, 537 F.2d 1212 (4th Cir. 1976), citing Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960).

### 4.  PCR Court Factual Determination

In his second claim, Newsome asserts that his trial attorney (Mr. Warder) committed perjury at the PCR hearing.  Newsome called Mr. Warder as a witness.  On cross-examination Mr. Warder testified that he "might have learned" from Newsome that he "possibly committed this type of crime before."  (App. 63).  Newsome did not deny this testimony when he testified after Mr. Warder.  The PCR court found as fact, based on Mr. Warder's uncontradicted testimony, that "counsel had discovered from Applicant that he was implicated in another similar killing."  (App. 110).  This factual determination is entitled to a presumption of correctness which Newsome can rebut by clear and convincing evidence.  Newsome speculates that the PCR court's finding has prejudiced him during his collateral attacks and at his parole hearings.

As stated above, Newsome has not exhausted this claim by challenging the PCR court's determination on appeal.  There is no evidence in the record to support Newsome's contention.  Thus, even if this claim was considered on its merits, Newsome would not be entitled to relief.

### Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary

8

judgment be **granted** and the petition **dismissed** without an evidentiary hearing.



_____
Joseph R. McCrorey
United States Magistrate Judge

March 16,  2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).